UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FERAUD CURNEY,

       Plaintiff,

v.                                                                    Case No. 11-12083
                                                                     Honorable Patrick J. Duggan

CITY OF HIGHLAND PARK,
E. HOLLOWELL, S. JOHNSON,
ADAM LEWIS, BROWNING,
McCOY, and MARTIN,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR
DISMISSAL UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM AND
DISMISSING WITHOUT PREJUDICE COUNT III OF PLAINTIFF'S
COMPLAINT AND THE CITY OF HIGHLAND PARK**

This lawsuit, filed May 11, 2011, arises from Plaintiff's arrest by City of Highland

Park police officers on May 16, 2009.  In his Complaint, Plaintiff alleges that the

individual officers engaged in conduct that violated his Fourth Amendment rights under

42 U.S.C. § 1983 and constituted assault and battery in violation of Michigan law (Counts

I and II, respectively).  Plaintiff further alleges that the City of Highland Park is liable for

the officers' actions because it maintained customs, policies, and/or practices resulting in

their unlawful behavior (Count III).  Presently before the Court is Defendants' motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed June 29, 2011.  The

motion has been fully briefed and the Court held a motion hearing on September 21,

2011.

## I.      Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  What a complainant must allege to satisfy this standard has changed significantly since 2007, with the Supreme Court's decisions in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

Pursuant to *Twombly*, to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ."  550 U.S. at 570, 127 S. Ct. at 1964-65, 1974.  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

The plausibility standard "does not impose a probability requirement at the

2

pleading stage; it simply calls for enough facts 'to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].'" *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

## II.    Plaintiff's Complaint

Plaintiff alleges in his Complaint that, on May 16, 2009, he and other individuals were sitting on his grandmother's porch in the City of Highland Park. (Compl. ¶ 9.) Plaintiff left the porch to turn off his car and, on his way, was approached by the defendant officers who he claims handcuffed him without reading him his rights or stating the reason for the arrest. (*Id*. ¶¶ 10-11.)

Plaintiff further alleges that the officers then placed him in the rear of "the automobile" and that Officer Hollowell began searching Plaintiff's car without his consent, a warrant, or any legal justification. (*Id*. ¶ 12.) According to Plaintiff, "a small amount of narcotics were [sic] found in the automobile." (*Id*. ¶ 13.) Plaintiff claims that while he remained handcuffed, the officers punched him in the mouth with a closed fist, threw him to the ground, kicked him, and struck him with batons or some other hard object. (*Id*. ¶ 14.) Plaintiff also claims that Officer Browning sprayed Plaintiff in his face

3

without warning with a chemical spray.  (*Id*. 15.)

Plaintiff alleges that Highland Park is liable for its officers' conduct because it practiced and/or permitted policies and/or practices resulting in the alleged constitutional violations.  (Compl. ¶¶ 33, 36.)  Plaintiff identifies the alleged policies and/or practices as including, but not being limited to:

a.   Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

b.   Failing to adequately train and/or supervise police officers regarding reasonable seizures;

c.   Failing to adequately train and/or supervise police officers regarding the proper use of force;

d.   Failing to supervise, review, and/or discipline police officers whom Defendant Highland Park knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

e.   Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

(*Id*. ¶ 34.)

## III.   The Parties' Arguments

In their motion to dismiss, Defendants assert that "Plaintiff makes conclusory allegations against both the individual and municipal defendants."  (Defs.' Mot. ¶ 3.) Defendants argue that, therefore, the Complaint fails to state a claim.  (*Id*. ¶ 4.)  This, however, is the end to Defendants' argument with respect to Plaintiff's claims against the

4

individual defendants.  Instead, in their brief in support of their motion, Defendants focus exclusively on Plaintiff's claim against Highland Park.  (*Id*. at 7, 9.)  At the motion hearing, Defendants clarified that their motion relates only to Plaintiff's claim against Highland Park.

Defendants argue that Plaintiff fails to plead facts in his Complaint sufficient to support municipal liability pursuant to § 1983 based on a policy, custom, and/or practice. Defendants contend that Plaintiff's conclusory allegations that Highland Park maintained a custom, policy, and/or practice that resulted in the alleged constitutional violations, without a supporting factual basis, are insufficient under the *Twombly/Iqbal* pleading standard.

In response, Plaintiff cites the following cases to support his contention that the facts alleged in the Complaint are sufficient to survive Defendants' motion to dismiss: *Jones v. City of Cincinnati*, 521 F.3d 555 (6th Cir. 2008), and *Burr v. Burns*, 2005 U.S. Dist. LEXIS 39188 (S.D. Ohio 2005) (unpublished opinion).  Plaintiff concludes his response brief by seeking leave to amend his Complaint if the Court finds his current pleading insufficient to state the alleged claim.

As to Plaintiff's request to amend the Complaint, Defendants contend in their reply brief that the request should be denied because Plaintiff has set forth no additional facts "that would sharpen his legal theories or allow him to plead with more specificity." (Defs.' Reply at 3.)

**IV.    Analysis**

This Court agrees with Defendants that Plaintiff fails to satisfy the *Twombly/Iqbal* pleading standard with respect to his claim against Highland Park (Count III). Plaintiff fails to "plead factual content that allows the court to draw the reasonable inference that [Highland Park] is liable for the misconduct alleged." *Iqbal*, 129 U.S. at 1949. Plaintiff has alleged nothing more than "labels and conclusions" and "a formulaic recitation of the elements." The Complaint contains no facts from which the Court could conclude that it is "plausible" that Highland Park maintains a custom, policy, and/or practice that resulted in the alleged violations of Plaintiff's constitutional rights, rather than concluding simply that Plaintiff's counsel routinely throws municipal liability claims into every § 1983 action he files. Plaintiff clearly fails to understand the significance of *Twombly* and *Iqbal* when he argues that his allegations need only put Defendants on notice of the claims being made against them.

This is made even more apparent by Plaintiff's reliance on cases that predate *Twombly* and/or *Iqbal*. Further, the Sixth Circuit's decision in *Jones* does not even address whether the Plaintiff's allegations against the municipality were sufficient to satisfy the applicable pleading standard. 521 F.3d at 560. In *Jones*, the only argument the municipality asserted on appeal concerning its liability was that there was no underlying constitutional violation by its officers. *Id*. at 561. The District Court for the Southern District of Ohio's unpublished and non-binding decision in *Burr* predates *Twombly* and *Iqbal* and therefore has no relevance to this Court's review of Plaintiff's Complaint.

6

At the motion hearing, Plaintiff's counsel cited two additional cases to support his argument that Plaintiff's allegations against Highland Park are sufficient: *Burnett v. City of Highland Park, et al.*, No. 09-14238 (E.D. Mich. filed Oct. 29, 2009), and *McPeak v. City of Flint, et al.*, No. 10-14110 (E.D. Mich. filed Oct. 13, 2010).  Plaintiff's counsel represented that, in both cases, he is counsel for the plaintiff and the complaint contains allegations in support of the municipality's liability similar, if not identical, to those in Plaintiff's Complaint.  Plaintiff's counsel further indicated that the Honorable Marianne Battani in *Burnett* and the Honorable Stephen Murphy in *McPeak* found the allegations sufficient under *Twombly* and *Iqbal*.

While Judge Batanni did in fact deny Highland Park's motion to dismiss in *Burnett*, her order relies on the reasons stated on the record at the motion hearing and this Court is not privy to her reasoning.[1]  Judge Murphy denied the City of Flint's motion to dismiss in *McPeak* because he concluded that it was "plausible that the actions taken against McPeak by the officers were caused by the City's poor management of the FANG [Flint Area Narcotics Group] program."  (*McPeak*, Doc. 43 at 11.)  For several reasons, this Court respectfully disagrees with Judge Murphy's analysis.

For one, Judge Murphy relies on *Jones* to find the plaintiff's allegations sufficient. As stated above, however, the Sixth Circuit in *Jones* did not analyze the sufficiency of the

---

[1]The Court also notes that, in a case decided a year earlier, Judge Battani granted a municipality's Rule 12(b)(6) motion for failure to allege a specific unconstitutional policy or practice resulting in the plaintiff's injuries.  *Medley v. City of Detroit*, No. 07-15046, 2008 WL 4279360 (E.D. Mich. Sept. 16, 2008).

pleadings against the municipality under *Twombly* and/or *Iqbal*. Second, there were no facts in the complaint before Judge Murphy to support the City of Flint's "poor management of the FANG program"; in fact, the plaintiff did not even allege that there was "poor management." Finally, Judge Murphy's determination that the allegations were sufficient to render the municipality's liability "plausible" and that "[t]he solution to most of the problems Defendants identify in their motions is discovery, not dismissal," is contrary to the Sixth Circuit's holding in *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011).

In *New Albany Tractor*, the court of appeals held that the plaintiff's allegations that the defendant-manufacturer refused to allow retailers in the area to purchase from any other distributor but the defendant-distributor and that the defendant-manufacturer "encouraged," "was aware of" and "allowed" the defendant-distributor to sell at the prices it did, were insufficient under *Twombly* and *Iqbal* to render "plausible" the plaintiff's conclusory allegations that the defendants were engaged in discriminatory price fixing. *Id.* at 1051. Significantly, the court reached this conclusion even though the facts necessary to support the plaintiff's conclusory allegation of price fixing were ". . . only within the head or hands of the defendants" and only could be obtained through discovery. *Id.* The court read *Iqbal* as instructing that "[t]he plaintiff may not use the discovery process to obtain these facts [i.e. those necessary to "raise a right to relief above the speculative level"] after filing suit." *Id.* (citing *Iqbal*, 129 S. Ct. at 1954). In fact Justice Kennedy, writing for the majority in *Iqbal*, specifically advised: "Rule 8

8

marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  129 S. Ct. at 1950; *see also Chesbrough v. VPA, P.C.*, 655 F.3d 461 (6th Cir. Aug. 23, 2011) ("This court . . . has rejected the argument that a claim should survive a motion to dismiss on the basis that necessary information is exclusively within the defendant's control, even in the context of the less rigorous pleading requirements of Federal Rule of Civil Procedure 8.")

Thus this Court understands *Twombly* and *Iqbal* as requiring Plaintiff to allege some facts in his Complaint to support his conclusory allegation that Highland Park "fail[s] to adequately train and/or supervise its police officers."  (*See* Compl. ¶ 34.) Plaintiff cannot allege a municipal liability claim hoping that discovery will reveal facts to support the claim.  A lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant.  However, if discovery related to Plaintiff's claims against the individual officers uncovers facts supporting Highland Park's liability for their conduct, Plaintiff then can pursue a lawsuit against the municipality or seek to amend his Complaint in this case.

The Court also agrees with Defendants that Plaintiff, in his response brief or otherwise, fails to set forth facts that could be added to the Complaint to support his claim against the municipality.  Thus the Court finds no basis to grant Plaintiff's request to amend his Complaint and is granting Defendants' motion to dismiss that claim.

For these reasons, the Court **GRANTS** Defendants' motion to dismiss.

9

Defendants demonstrate that Plaintiff's claim against Highland Park (Count III) is subject to dismissal pursuant to Rule 12(b)(6).  Therefore, Count III of the Complaint is **DISMISSED WITHOUT PREJUDICE** and Highland Park is **DISMISSED AS A PARTY TO THIS ACTION**.

      **SO ORDERED**.

Date:  March 30, 2012         s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Shawn C. Cabot, Esq.
James W. McGinnis, Esq.